IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON TIMMONS,** : | | |
|     **Plaintiff** : | | |
| : | | No. 1:21-cv-02157 |
|     v. : | | |
| : | | (Judge Kane) |
| **BOHINSKI,** : | | |
|     **Defendant** : | | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 in which pro se Plaintiff Brandon Timmons ("Timmons") alleges that Bohinski, the sole remaining Defendant, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Presently before the Court is Bohinski's motion to dismiss the third amended complaint for failure to exhaust administrative remedies. (Doc. No. 41.) For the following reasons, the motion will be denied.

**I.    BACKGROUND**

Timmons initiated this case through the filing of a complaint against Bohinski and several other Defendants on December 28, 2021. (Doc. No. 1.) He amended his complaint on February 22, 2022 and April 20, 2022. (Doc. Nos. 9, 14.) On February 10, 2023, the Court granted Defendants' motion to dismiss, dismissed Timmons's claims against all Defendants other than Bohinski and John Doe as misjoined in violation of Federal Rule of Civil Procedure 20, dismissed the claims against Bohinski and John Doe without prejudice, and granted Timmons leave to file a third amended complaint against Bohinski and John Doe only. (Doc. Nos. 33–34.) Timmons subsequently moved for leave to amend, seeking to add claims for supervisory liability, cruel and unusual punishment, and denial of his right to equal protection. (Doc. No. 38.) Bohinski moved to dismiss the proposed third amended complaint on the basis of

failure to exhaust administrative remedies, and Timmons moved to convert the motion to dismiss to a motion for summary judgment. (Doc. Nos. 41, 43.) On May 31, 2023, the Court granted Timmons's motion for leave to amend, directed the Clerk of Court to docket the proposed complaint as his third amended complaint, and denied his motion to convert the motion to dismiss into a motion for summary judgment. (Doc. No. 48.)

According to the allegations in the third amended complaint, Timmons was incarcerated in Dallas State Correctional Institution ("SCI-Dallas") on June 16, 2021 when Bohinski, a deputy superintendent, called him a "rat" in front of other inmates and told other inmates that he was a "snitch." (Doc. No. 49 at 2.) The accusations that Timmons was a "rat" and "snitch" began to spread throughout the prison, allegedly placing Timmons at risk of assault by other inmates. (Id.) Timmons later asked Bohinski why he had told other inmates that he was a rat and a snitch, and Bohinski purportedly stated that it was because Timmons had previously filed lawsuits against prison staff and that other inmates hearing that Timmons was a rat and a snitch would stop Timmons from filing lawsuits. (Id.) The third amended complaint asserts claims for retaliation, supervisory liability, cruel and unusual punishment, and violation of the right to equal protection against Bohinski. (Id. at 3.) The third amended complaint does not name a John Doe Defendant or advance any claims against such a Defendant. (Id.) Accordingly, the case proceeds solely as to Timmons's claims against Bohinski. Timmons seeks compensatory and punitive damages. (Id.)

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cnty. of Allegheny, 515 F.3d 224,

232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation

marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106).

**B.    Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the

conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III.  DISCUSSION

Under the PLRA, prisoner plaintiffs must exhaust all available administrative remedies before they may challenge the conditions of their confinement in federal court.  See 42 U.S.C. § 1997e(a); Downey v. Pa. Dep't of Corr., 968 F.3d 299, 304 (3d Cir. 2020).  The statute requires "proper exhaustion," meaning the prisoner must complete the administrative review process in accordance with the procedural rules set by the prison.  See id. at 305 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)).  The failure to exhaust available administrative remedies is an affirmative defense.  See Jones v. Bock, 549 U.S. 199, 216 (2007).  Accordingly, "[T]he burden to plead and prove failure to exhaust as an affirmative defense rests on the defendant."  See Rinaldi v. United States, 904 F.3d 257, 268 (2018) (citing Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)).

A prisoner is only required to exhaust administrative remedies that are "available."  See id. at 266 (citing Woodford, 548 U.S. at 93).  An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'"  See id. at 266–67 (quoting Ross v. Blake, 578 U.S. 632, 643–44 (2016)).

Under the Pennsylvania Department of Corrections' grievance policy, DC-ADM 804, a prisoner must first submit a written grievance within fifteen (15) days from the date of the incident.  See DC-ADM 804 § 1(A)(8), available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/804%20Inmate%20Grievances.pdf (last visited Nov. 3, 2023). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make concerning violations of Department directives, regulations, court orders, or other law."  See id. § 1(A)(11).  Next, the prisoner must submit a written appeal to an intermediate review level within fifteen (15) working days.  See id. § 2(A)(1)(a).  Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen (15) working days.  See id. § 2(B)(1)(b).

When a defendant asserts a failure to exhaust administrative remedies argument based on indisputably authentic documents related to the plaintiff's administrative exhaustion attempt, the argument may be considered in the context of a motion to dismiss.  See Rinaldi, 904 F.3d at 262 n.1.  The standard of review is the same as that for other motions to dismiss filed pursuant to Rule 12(b)(6), meaning that all factual allegations in the plaintiff's complaint are accepted as true for the purpose of resolving the motion and that the Court may not resolve disputed issues of fact.  See id.

Bohinski argues that Timmons's third amended complaint should be dismissed for failure to exhaust administrative remedies because Timmons did not file any grievances against Bohinski or any grievances related to the facts of this case. (Doc. No. 42 at 11–12.)  Timmons responds that the prison's grievance system was rendered unavailable by threats from prison officials and that exhaustion is therefore excused.  (Doc. No. 46 at 2.)  Timmons attaches a

6

declaration from himself in which he states that in June 2021, a John Doe correctional officer told Timmons that inmates who filed grievances against Bohinski got "the shit beat out of them." (Doc. No. 46-1 at 1.) Timmons was then allegedly threatened a second time on June 16, 2021, when a John Doe correctional officer[1] stated that other inmates would "jump" and "attack" Timmons if he filed a grievance against Bohinski. (Id.) Bohinski responds in his reply brief that Timmons's "vague, self-serving conclusory statements" of threats by prison officials are not sufficient to prove that administrative remedies were unavailable to Timmons. (Doc. No. 47 at 2.) Bohinski notes that Timmons has not offered any corroborating evidence to support his allegations of threats by staff members. (Id. at 4.)

      The Court will deny Bohinski's motion to dismiss the third amended complaint. Although Bohinski has proffered evidence in an attempt to show that Timmons failed to exhaust administrative remedies, Timmons has stated in a declaration that, on two separate occasions in June 2021, correctional officers threatened him with violence if he filed grievances against Bohinski. Determining whether these threats occurred and whether they were sufficient to deter Timmons from filing a grievance requires resolution of factual questions that the Court may not resolve at this stage of litigation. While Bohinski states that Timmons's allegations of threats are vague, self-serving, and unsupported by documentary evidence, this argument misconstrues the standard of review applicable to a motion to dismiss. At the motion to dismiss stage, the plaintiff is not required to prove anything; he is simply required to plead enough factual matter for his case to proceed. Thus, dismissal for failure to exhaust administrative remedies is not appropriate on the basis that plaintiff has only produced "bald unsupported statements that he was unable to pursue his claims out of fear of retaliation." See Verbanik v. Harlow, 441 F. App'x 931, 933 (3d

---

[1] Timmons does not state whether this was the same officer who previously threatened him.

Cir. 2011) (unpublished).[2] Neither of the cases cited by Bohinski to support his position justifies a contrary conclusion because neither was decided at the motion to dismiss stage. See Pew v. Jones, No. 3:15-cv-01611, 2023 WL 2692401, at *6 (M.D. Pa. Mar. 29, 2023) (finding, in court's role as fact finder,[3] that plaintiff failed to establish that administrative remedies were unavailable to him); West v. Schultz, No. 1:12-cv-01004, 2014 WL 1668093, at *8 (M.D. Pa. Apr. 24, 2014) (granting summary judgment for failure to exhaust administrative remedies). Accordingly, the Court concludes that Bohinski has not met his burden to establish the affirmative defense of failure to exhaust administrative remedies at this stage of litigation.

## IV.   CONCLUSION

For the foregoing reasons, Bohinski's motion to dismiss will be denied. The Court will additionally impose case management deadlines for this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[2] A lack of evidence supporting allegations of threats may be sufficient to grant summary judgment on the basis of failure to exhaust administrative remedies, but Bohinski did not move for summary judgment and his motion was not converted to a motion for summary judgment. See (Doc. Nos. 41, 48). In any event, it appears that more fact discovery would be necessary before a motion for summary judgment asserting failure to exhaust administrative remedies could be adjudicated.

[3] See, e.g., Rinaldi, 904 F.3d at 265 (noting that district courts may resolve questions of fact related to administrative exhaustion provided that the court has given notice to the parties of its intent to act as the finder of fact and has given the parties an opportunity to submit documentary evidence relevant to the issue of exhaustion).