IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON TIMMONS, | : | |
|     Plaintiff | : | |
| | : | No. 1:21-cv-02157 |
| v. | : | |
| | : | (Judge Kane) |
| BOHINSKI, | : | |
|     Defendant | : | |

<u>**MEMORANDUM**</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 in which pro se Plaintiff Brandon Timmons ("Timmons") alleges that Bohinski, the sole remaining Defendant, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Presently before the Court is Bohinski's motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), wherein Bohinski seeks judgment on the pleadings as to Timmons's equal protection claim and his request for compensatory damages. (Doc. No. 55.) For the following reasons, the motion will be granted.

**I.      BACKGROUND**

Timmons initiated this case through the filing of a complaint against Bohinski and several other Defendants on December 28, 2021. (Doc. No. 1.) He amended his complaint on February 22, 2022 and April 20, 2022. (Doc. Nos. 9, 14.) On February 10, 2023, the Court granted Defendants' motion to dismiss, dismissed Timmons's claims against all Defendants other than Bohinski and John Doe as misjoined in violation of Federal Rule of Civil Procedure 20, dismissed the claims against Bohinski and John Doe without prejudice, and granted Timmons leave to file a third amended complaint against Bohinski and John Doe only. (Doc. Nos. 33–34.) Timmons subsequently moved for leave to amend, seeking to add claims for supervisory liability, cruel and unusual punishment, and denial of his right to equal protection.

(Doc. No. 38.)  Bohinski moved to dismiss the proposed third amended complaint on the basis of failure to exhaust administrative remedies, and Timmons moved to convert the motion to dismiss to a motion for summary judgment.  (Doc. Nos. 41, 43.)  On May 31, 2023, the Court granted Timmons's motion for leave to amend and directed the Clerk of Court to docket the proposed complaint as his third amended complaint.  (Doc. No. 48.)

According to the allegations in the third amended complaint, Timmons was incarcerated in Dallas State Correctional Institution ("SCI-Dallas") on June 16, 2021 when Bohinski, a deputy superintendent, called him a "rat" in front of other inmates and told other inmates that he was a "snitch."  (Doc. No. 49 at 2.)  The accusations that Timmons was a "rat" and a "snitch" began to spread throughout the prison, allegedly placing Timmons at risk of assault by other inmates.  (Id.)  Timmons later asked Bohinski why he had told other inmates that he was a rat and a snitch, and Bohinski purportedly stated that it was because Timmons had previously filed lawsuits against prison staff and that other inmates hearing that Timmons was a rat and a snitch would stop Timmons from filing lawsuits.  (Id.)  The third amended complaint asserts claims for retaliation, supervisory liability, cruel and unusual punishment, and violation of the right to equal protection against Bohinski.  (Id. at 3.)  The third amended complaint does not name a John Doe Defendant or advance any claims against such a Defendant.  (Id.)  Accordingly, the case proceeds solely as to Timmons's claims against Bohinski.  Timmons seeks compensatory and punitive damages.  (Id.)

Bohinski filed the instant motion for judgment on the pleadings on November 16, 2023, seeking judgment on the pleadings as to Timmons's equal protection claim and his request for compensatory damages.  (Doc. No. 55.)  Briefing on the motion is complete and it is ripe for judicial review.  (Doc. Nos. 56, 59–60.)

## II. LEGAL STANDARDS

### A. Motions for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings once the pleadings are closed. See Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion" to dismiss. See Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010). The only significant difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is that, on a motion for judgment on the pleadings, the Court reviews not only the complaint but also the answer and written instruments attached to the pleadings. See 2 James Wm. Moore et al., Moore's Federal Practice Civil § 12.38 (Matthew Bender 3d ed. 2013).

Accordingly, in assessing such a motion, "the court must 'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party' and may not grant the motion 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" See Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019) (quoting In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.6 (3d Cir. 2016)). If the facts alleged raise a right to relief above the speculative level, then the claim is plausible on its face and will survive a motion for judgment on the pleadings. See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). In connection with a Rule 12(c) motion, the Court considers the pleadings, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents if the plaintiff's claims are based on those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196–97 (3d Cir. 1993).

**B.     Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

**III.     DISCUSSION**

Bohinski's motion seeks judgment on the pleadings with respect to Timmons's equal protection claim and his compensatory damages claim. The Court will first consider the equal protection claim. The Equal Protection Clause of the Fourteenth Amendment states that no state may "deny to any person within its jurisdiction the equal protection of the laws." See U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 475 U.S. 202, 216 (1982)). "[T]o bring a

4

successful equal protection claim, plaintiffs 'must demonstrate that they received different treatment from that received by other individuals similarly situated.'" See Childrens Health Defense, Inc. v. Rutgers, the State Univ. of N.J., 93 F.4th 66, 84 (3d Cir. 2024) (quoting Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009)).  At the pleading stage, a plaintiff must make nonconclusory allegations that he and the similarly situated individuals who were allegedly treated differently from him are "alike 'in all relevant respects.'"  See id. (quoting Harvard v. Cesnalis, 973 F.3d 190, 205 (3d Cir. 2020)).

Bohinski argues that he is entitled to judgment on the pleadings with respect to Timmons's equal protection claim because Timmons fails to allege that he was treated differently from any similarly situated individuals.  (Doc. No. 56 at 5–6.)  The Court agrees.  There are simply no allegations in the third amended complaint that Timmons was treated differently from any similarly situated individuals.  See (Doc. No. 49).  Timmons argues in his brief opposing the motion that he was "obviously treated differently than a[n] inmate of similar status," (Doc. No. 59), but the third amended complaint is devoid of any allegations to establish that any other inmates who were treated differently from him were "alike in all relevant respects" to Timmons.  See Childrens Health Defense, Inc., 93 F.4th at 84.  Accordingly, Timmons has failed to allege the existence of similarly situated individuals and the court will grant Bohinski's motion for judgment on the pleadings on the equal protection claim.

Turning to the compensatory damages argument, Bohinski argues that compensatory damages are barred by the PLRA because Timmons does not allege that he suffered any physical harm. (Doc. No. 56 at 4.)  The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a

sexual act." See 42 U.S.C. § 1997e(e).  The Third Circuit has interpreted this provision to bar claims for compensatory damages when the only basis for compensatory damages would be "mental and/or emotional injury" arising from the violation of a plaintiff's constitutional rights. See Allah v. Al-Hafeez, 226 F.3d 247, 250–53 (3d Cir. 2000).  That is exactly the situation presented by this case.  The Court cannot discern any basis from the third amended complaint for Timmons to recover compensatory damages for his remaining constitutional claims against Bohinski other than the emotional injury of his constitutional rights allegedly being violated.  Such claims for compensatory damages are barred by the PLRA.  See 42 U.S.C. § 1997e(e); Allah, 226 F.3d at 250–53.

## IV.    CONCLUSION

For the foregoing reasons, Bohinski's motion for judgment on the pleadings on Timmons's equal protection claim and request for compensatory damages will be granted.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania