### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON TIMMONS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-cv-02157** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **BOHINSKI,** | : | |
| **Defendant** | : | |

### <u>MEMORANDUM</u>

This is a prisoner civil rights case in which pro se Plaintiff Brandon Timmons ("Timmons") alleges that Defendant Bohinski ("Bohinski") violated his civil rights by calling him a "rat" and a "snitch" in front of other inmates and therefore creating a risk that he would be assaulted. Presently before the Court is Bohinski's motion for summary judgment. (Doc. No. 67.) For the following reasons, the Court will grant the motion for summary judgment and close this case.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Timmons initiated this case through the filing of a complaint against Bohinski and several other Defendants on December 28, 2021. (Doc. No. 1.) He amended his complaint on February 22, 2022, and April 20, 2022. (Doc. Nos. 9, 14.) On February 10, 2023, the Court granted Defendants' motion to dismiss, dismissed Timmons's claims against all Defendants other than Bohinski and John Doe as misjoined in violation of Federal Rule of Civil Procedure 20, dismissed the claims against Bohinski and John Doe without prejudice, and granted Timmons leave to file a third amended complaint against Bohinski and John Doe. (Doc. Nos. 33–34.) Timmons subsequently filed a third amended complaint asserting claims against Bohinski only. (Doc. No. 49.) Bohinski moved to dismiss the third amended complaint for failure to exhaust administrative remedies, but the Court denied the motion on November 3,

2023, concluding that the issue of administrative exhaustion could not be decided at the pleading stage in this case.  (Doc. Nos. 52–53.)  Bohinski answered the third amended complaint on November 16, 2023, and filed a motion for partial judgment on the pleadings on the same date, seeking judgment as to Timmons's equal protection claim and request for compensatory damages.  (Doc. Nos. 54–55.)  The Court granted the motion for partial judgment on the pleadings on June 28, 2024, allowing the case to proceed as to Timmons's retaliation, cruel and unusual punishment, and supervisory liability claims against Bohinski.  (Doc. Nos. 64–65.)

According to the allegations in the third amended complaint, which remains the operative complaint, Timmons was incarcerated in Dallas State Correctional Institution ("SCI-Dallas") on June 16, 2021, when Bohinski, a deputy superintendent, called him a "rat" in front of other inmates and told other inmates that he was a "snitch."  (Doc. No. 49 at 2.)  The accusations that Timmons was a "rat" and a "snitch" began to spread throughout the prison, allegedly placing Timmons at risk of assault by other inmates.  (Id.)  Timmons later asked Bohinski why he had told other inmates that he was a rat and a snitch, and Bohinski purportedly stated that it was because Timmons had previously filed lawsuits against prison staff and that other inmates hearing that Timmons was a rat and a snitch would stop Timmons from filing lawsuits.  (Id.)

Bohinski filed the instant motion for summary judgment on July 19, 2024, along with a supporting brief and a statement of material facts as required by Local Rule 56.1.  (Doc. Nos. 67–69.)  Timmons responded to the motion on September 13, 2024, and Bohinski filed a reply brief in support of the motion on September 18, 2024.  (Doc. Nos. 73–75.)  The motion is accordingly ripe for judicial review.

II.    **MATERIAL FACTS**[1]

Under the Pennsylvania Department of Corrections' grievance policy, DC-ADM 804, a prisoner seeking to exhaust administrative remedies for a complaint regarding his prison conditions must first submit a written grievance within fifteen (15) working days from the date of the incident.  See (DC-ADM 804 § 1(A)(8), (Doc. No. 68-5 at 6)).  DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make concerning violations of Department directives, regulations, court orders, or other law."  See (id. § 1(A)(11), (Doc. No. 68-5 at 6)).   Next, the prisoner must submit a written appeal to an intermediate review level within fifteen (15) working days.  See (id. § 2(A)(1)(a), (Doc. No. 68-5 at 16)).  Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within fifteen (15) working days.  See (id. § 2(B)(1)(b), (Doc. No. 68-5 at 19)).

Timmons filed four grievances during the relevant period in June and July of 2021: grievance numbers 930039, 930047, 931226, and 931254.  (Doc. No. 68 ¶¶ 19–22; Doc. No. 74 ¶¶ 19–22.)[2]  None of these grievances name Bohinski or advance any of the claims at issue in this lawsuit against Bohinski.  (Doc. No. 68 ¶¶ 23–41; Doc. No. 74 ¶¶ 23–41.)

---

[1]  Unless otherwise noted, the background herein is derived from Bohinski's Rule 56.1 statement of facts and Timmons's response to the statement.  (Doc. Nos. 68, 74.)  Because the Court ultimately grants summary judgment on the basis of Timmons's failure to exhaust administrative remedies, this section focuses only on facts pertaining to that issue.

[2]  Timmons asserts that he "filed more than 4 inmate grievances in June 2021," that he "attempted to file other grievances in June 2021," and that he "attempted to file grievances in July 2021," but he offers no documentary proof of any other grievances being filed during this period.  (Doc. No. 72 ¶¶ 19–22.)  The Court accordingly deems undisputed the fact that he filed only four grievances during the relevant period.

Timmons has attached to his brief in opposition to the motion for summary judgment a declaration from himself in which he states that he attempted to file a grievance against Bohinski on June 16, 2021, but that a "John Doe" correctional officer did not submit it and instead "read it and discarded it" and told Timmons that inmates "who file grievances on Bohinski get[] the shit beat out of them." (Doc. No. 73-1 at 1.) The declaration also states that on June 27, 2021, a "John Doe officer who was not wearing a name tag" told Timmons that the "next time" he filed a grievance against Bohinski he "would be jumped by other inmates." (Id.) The declaration is the only evidence Timmons has produced in opposition to Bohinski's motion for summary judgment.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A disputed fact is "material" if proof of its existence would affect the outcome of the case under applicable substantive law. See id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). A dispute of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287–88 (3d Cir. 1991).

When determining whether there is a genuine dispute of material fact, the Court must view the facts and all reasonable inferences in favor of the nonmoving party. See Moore v.

4

<u>Tartler</u>, 986 F.2d 682 (3d Cir. 1993); <u>Clement v. Consol. Rail Corp.</u>, 963 F.2d 599, 600 (3d Cir. 1992); <u>White v. Westinghouse Elec. Co.</u>, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence that demonstrates the absence of a genuine dispute of material fact, the nonmoving party is required to go beyond his pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine dispute. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case that it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>See</u> <u>Celotex</u>, 477 U.S. at 323; <u>see also</u> <u>Harter v. G.A.F. Corp.</u>, 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether a dispute of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. <u>See</u> <u>White</u>, 862 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. <u>See</u> <u>id.</u> (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement

5

required to be served by the moving party will be deemed to be admitted." See L.R. 56.1. The Rule further requires the inclusion of references to the parts of the record that support the statements. See id.

A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-cv-01384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-cv-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure).

## IV.    DISCUSSION

Bohinski argues that he is entitled to summary judgment because Timmons failed to exhaust administrative remedies and because Timmons's claims fail on their merits. (Doc. No. 69.) The Court begins its analysis with Bohinski's exhaustion argument, and because the Court ultimately concludes that Bohinski is entitled to summary judgment on the basis of failure to exhaust, it does not reach his merits argument.

Under the Prison Litigation Reform Act ("PLRA"), prisoner plaintiffs must exhaust all available administrative remedies before they may challenge the conditions of their confinement in federal court. See 42 U.S.C. § 1997e(a); Downey v. Pa. Dep't of Corr., 968 F.3d 299, 304 (3d Cir. 2020). The statute requires "proper exhaustion," meaning the prisoner must complete the administrative review process in accordance with the procedural rules set by the prison. See id. at 305 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)). The failure to exhaust available administrative remedies is an affirmative defense. See Jones v. Bock, 549 U.S. 199, 216 (2007). Accordingly, "the burden to plead and prove failure to exhaust as an affirmative defense rests on

6

the defendant." See Rinaldi v. United States, 904 F.3d 257, 268 (2018) (citing Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)).

A prisoner is only required to exhaust administrative remedies that are "available." See id. at 266 (citing Woodford, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" See id. at 266–67 (quoting Ross v. Blake, 578 U.S. 632, 643–44 (2016)). If a defendant establishes that the plaintiff failed to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative process was unavailable to him. See id. at 268.

In this case, it is clear that Timmons failed to exhaust administrative remedies. The undisputed factual record shows that Timmons filed four grievances during the relevant period and that none of these grievances named Bohinski or advanced any of the claims against him that Timmons advances in this case. (Doc. No. 68 ¶¶ 19–41; Doc. No. 74 ¶¶ 19–41.) The burden accordingly shifts to Timmons to show that the grievance process was unavailable to him. See Rinaldi, 904 F.3d at 268.

The only evidence Timmons has offered to establish unavailability is a declaration in which he asserts that a John Doe correctional officer threatened that he would get "the shit beat out of" him if he filed a grievance against Bohinski and that another John Doe correctional officer threatened that he would get "jumped" if he did so. (Doc. No. 73-1 at 1.)

The Court finds Timmons's declaration insufficient to survive Bohinski's motion for summary judgment.  "As a general proposition, 'conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.'"  Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 263 (3d Cir. 2012) (quoting Kirleis v. Dickie, McCarney & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009)).  The purpose of summary judgment proceedings "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).  Timmons asserts that he attempted to file grievances against Bohinski but was dissuaded from doing so by threats from unnamed correctional officers, but he has not specified what was written in the grievances he attempted to file, nor has he shown that he attempted to learn the identity of the unknown correctional officers through the discovery process or offered any other evidence that could establish the veracity of his declaration.  The Court is thus left with nothing other than Timmons's conclusory, unsupported, and self-serving affidavit, which the Court finds insufficient to create a genuine dispute of material fact as to whether the grievance process was unavailable to him.  See Gonzalez, 678 F.3d at 263.  The Court will accordingly grant summary judgment in favor of Bohinski on the basis of Timmons's failure to exhaust administrative remedies.

## V.   CONCLUSION

For the foregoing reasons, the Court will grant Bohinski's motion for summary judgment and close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania